UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| FRANK J. ARLASKY,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE, LLC et al.,<br><br>    Defendants. | No. SA CV 15-01514-CJC (DFMx)<br><br>CERTIFICATION FOR ORDER TO SHOW CAUSE RE CIVIL CONTEMPT |

    Defendant Nationstar Mortgage LLC ("Nationstar") seeks an Order to Show Cause re Contempt against Plaintiff Frank J. Arlasky ("Arlasky") and Plaintiff's counsel, Blake E. Wilson ("Wilson"), to be heard by the District Judge, concerning Arlasky and Wilson's refusal to pay a previously ordered sanctions award.[1] The Court hereby grants the request.

///

---

[1] Nationstar alternatively sought terminating sanctions and an order entering judgment in its favor in the amount of $12,889.84, which the Court denied in a concurrently filed Report and Recommendation.

# STATEMENT OF CERTIFIED FACTS

On August 4, 2015, Arlasky filed the underlying lawsuit in Orange County Superior Court alleging violations of the California Homeowner Bill of Rights. See Dkt. 1-1. On September 18, 2015, Nationstar removed this action to federal court on the basis of diversity jurisdiction. Dkt. 1.

On August 23, 2016, Nationstar moved to compel Arlasky's deposition, arguing that Arlasky and his counsel had twice failed to appear for a properly-noticed deposition. See Dkt. 18. Nationstar's motion also sought an order awarding sanctions of $10,875.84 for its fees and costs incurred in preparing for and attending both noticed depositions as well as its fees incurred in drafting and prosecuting the motion to compel. See id. at 6.

Nationstar noticed its motion for a hearing on September 20, 2016. See id. at 1. On August 26, 2016, the Court sua sponte advanced the hearing on Nationstar's motion to August 31, 2016 at 10:00 a.m. and ordered Arlasky to submit any opposition by 4:00 p.m. on August 30, 2016. See Dkt. 22. No opposition was filed. On August 31, 2016, the Court called Nationstar's motion and noted that Arlasky's counsel had not appeared. See Dkt. 25. The Court orally granted Nationstar's motion and signed a separate order directing Arlasky to appear for deposition on September 13, 2016, at 10:00 a.m., and requiring Arlasky and/or Arlasky's counsel to pay sanctions of $10,875.84 to Nationstar's counsel within thirty days. See Dkt. 24, 25.

On October 5, 2016, Nationstar moved for an order requiring Arlasky and Wilson to show cause why they were not in contempt of the Court's August 31 order requiring Arlasky and/or his counsel to pay sanctions of $10,875.84 within thirty days. See Dkt. 29. Alternatively, Nationstar sought an order entering judgment in its favor in the amount of $12,889.84 and dismissing this case with prejudice. See id. Immediately thereafter, Nationstar also filed an ex parte application for an order shortening time on its motion for

an order to show cause. See Dkt. 30.[2] The Court granted Nationstar's ex parte application to shorten the time on which the motion could be heard and set a hearing date of October 25, 2016, at 10:00 a.m. See Dkt. 32. The Court also ordered that any opposition to the motion must be filed no later than October 18, 2016. See id.

On October 21, 2016, having received no opposition to Nationstar's motion, the Court took the October 25, 2016 hearing off calendar and granted the motion. See Dkt. 35. The Court further ordered Arlasky and Wilson to appear on November 8, 2016, at 10:00 a.m., to show cause why each of them should not be adjudged in civil contempt of court for failing to comply with the Court's August 31, 2016 order, or, alternatively, why this case should not be dismissed and judgment entered in Nationstar's favor in the amount of $12,889.84. See id. The Court ordered Arlasky and Wilson to file any papers in opposition to entry of an order holding each of them in contempt or dismissing the case with entry of judgment in Nationstar's favor by November 1, 2016. See id.

Neither Arlasky nor Wilson filed any papers in opposition. On November 8, 2016, the Court held the noticed order to show cause hearing. See Dkt. 38. Wilson appeared before the Court on behalf of Arlasky. See id. The parties informed the Court that Arlasky had appeared for his deposition as ordered. Wilson represented that neither he nor his client was financially able to pay the sanction as ordered by the Court. Wilson also argued that the amount of the sanction should be reduced because the fees and costs incurred were unreasonable.

The Ninth Circuit has held that, if a party makes a showing that it is

---

[2] The District Judge entered an order holding Nationstar's motion for summary judgment (Dkt. 26) in abeyance pending the resolution of Nationstar's contempt motion. See Dkt. 31.

financially unable to comply with an order to pay money, it has a defense to a civil contempt proceeding for failure to comply with the order. Cutting v. Van Fleet, 252 F. 100, 102 (9th Cir. 1918). The party's showing of inability to pay the sanction must be "satisfactory" and "clearly appear." Id. In Cutting, the Ninth Circuit determined that an individual had not met his burden by submitting an affidavit stating that he "has not now, and during all of said time has not had, sufficient means, and is and has been during all of said time financially unable to pay" the sanction. Id. The Ninth Circuit also explained that the individual had not stated that he owned no real or personal property out of which money to pay the sanction could be realized or that "he has no property concealed, or transferred to others, or other resources out of which he might pay the required sum." Id. at 102-103.

The time for seeking reconsideration of the sanctions order under Local Rule 72-2 expired on September 14, 2016, without Arlasky and Wilson seeking such review. See C.D. Cal. R. 72-2.1 (requiring that any party seeking to object to nondispositive magistrate-judge order "must file a motion for review by the assigned District Judge" within 14 days of service of written ruling).

## DISCUSION

When an act "constitut[ing] a civil contempt" occurs in a discovery-related proceeding,

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person

      in the same manner and to the same extent as for a contempt
      committed before a district judge.

28 U.S.C. § 636(e)(6); see also Assignment of Duties to Magistrate Judges, C.D. Cal. Gen. Order 05-07 (2005). In certifying the facts under § 636(e), the magistrate judge's role is to determine whether the moving party can assert sufficient evidence to establish a prima facie case of contempt. See Proctor v. State Gov't of N.C., 830 F.2d 514, 521 (4th Cir. 1987). In the Ninth Circuit, a party alleging that another person should be held in civil contempt must establish by clear and convincing evidence that the alleged contemnor "violated the court order," "beyond substantial compliance," "not based on a good faith and reasonable interpretation of the order." Labor/Cmty. Strategy Ctr. v. Los Angeles Cty. Metro. Transp. Auth., 564 F.3d 1115, 1123 (9th Cir. 2009) (quoting In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993)). Once that prima facie showing is made, the burden shifts to the alleged contemnor to "produce evidence explaining his noncompliance." United States v. Ayres, 166 F.3d 991, 994 (9th Cir. 1999) (citing Chairs v. Burgess, 143 F.3d 1432, 1436 (11th Cir. 1998)). Accordingly, the undersigned's role is limited to determining whether Nationstar has shown by clear and convincing evidence that Arlasky and Wilson violated an earlier Court order.

      Nationstar has clearly satisfied its burden. Although Arlasky complied with the Court's order compelling him to appear for deposition, his counsel acknowledged that they have not complied with the Court's sanctions order, claiming that they are not financially able to pay the sanction as ordered by the Court and that the amount of the sanction was unreasonable. Other than Wilson's bald assertion at the hearing that neither he nor his client was financially able to pay the sanction as ordered by the Court, they have not submitted declarations or any other evidence of their inability to pay. The time

for requesting review of the sanctions order by the District Judge has also passed without Arlasky seeking such review. Although it is not the undersigned's function or responsibility to determine whether Arlasky and Wilson were justified in disobeying the sanctions order, the Court's reasoning in ordering sanctions is fully explained in its August 31 order.

For the foregoing reasons, the undersigned certifies the facts stated above.

## ORDER TO SHOW CAUSE

IT THEREFORE IS ORDERED that Frank J. Arlasky and Blake E. Wilson appear on December 16, 2016, at 11:00 a.m., in the Courtroom of the Honorable Cormac J. Carney, U.S. District Judge, to show cause why they should not be adjudged in contempt by reason of the facts certified in the undersigned's Certification for Order to Show Cause re Contempt

Dated: December 5, 2016

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge